CLERK, U.S. DISTRICT COURT

MAR 14 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RS_____ DEPUTY

FULL NAME
_Morris D. Houston_
COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION
_California Men's colony 'EAST'_
_P.O. Box-8101 San Luis Obispo CA 93409_
PRISON NUMBER (if applicable)
_H-62143_

Received _3/11/22_
(Date)
Scanned at CMC and E-mailed
on _3/11/22_ by _~_
(Date)        (Initials)
Number of pages scanned:
_21_

**RELATED DDJ**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

_Morris D. Houston_
PLAINTIFF,

v.

_Torres, Robert,_
DEFENDANT(S).

CASE NUMBER
**2:22-CV-01729-FMO-AFM**
_To be supplied by the Clerk_

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** (Check one)
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2.  If your answer to "1." is yes, how many? ___ONE___

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

    _Civil-42 U.S.C. § 1983-CV 18-~~09193~~-fmo (AFM)_

a. Parties to this previous lawsuit:
Plaintiff _Morris D. Houston_

Defendants _c/o Belteau Villalobos, OPellana, Pennte, Bilderback Lugo, Warden Asuncion A.W Wood, Astad._

b. Court _United States District Court Central District of California_

c. Docket or case number _CV 18-09192-fMO CAFM)_

d. Name of judge to whom case was assigned _Alexander f. Mackinnon_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Dismissed, I stop Pursuing_

f. Issues raised: _fraud, not recieving Proper Inmate Support fund._

g. Approximate date of filing lawsuit: _10-24-18_

h. Approximate date of disposition _2-2020_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Morris D. Houston_
(print plaintiff's name)

who presently resides at _California mens colony San Luis oBispo CA.93409-8101_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_California mens colony -EAST- San Luis oBispo CA 93409-8101_
(institution/city where violation occurred)

---

**CIVIL RIGHTS COMPLAINT**

CV-66 (7/97)

Page 2 of 6

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (Rev. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): HOUSTON, MORRIS    CDC Number: H-62143    Unit/Cell Number: A2-2249    Assignment: BARBER/PORTER

CMC

NOV 15 2021

OFFICE OF GRIEVANCES

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): NEGATIVE COVID TEST

A. Explain your issue: ON 11-4-21 A-YARD TWO BLOCK LOW-SIDE WAS locked down for QUARANTINE, COVID TESTING, I Took The TEST ON said date, my TEST came back NEGATIVE, A hour

B. Action requested: I'm ASKING To be compensated for being Placed in A Covid Building for NO REASONS AT ALL other Then Malice, INCONVENIENCE. AND The TWO NURS

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.

☑ No, I have not attached any supporting documents. Reason: NURSING STAFF, C/Os IN FIVE block have all documents CONCERN-ING This matter.

Inmate/Parolee Signature: Morris Houston   Date Submitted: 11-9-21

☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date:
☐ Cancelled (See attached letter) Date:
☐ Accepted at the First Level of Review.
Assigned to:    Title:    Date Assigned:    Date Due:

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview:    Interview Location:
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer:    Title:    Signature:    Date completed:
Reviewer:    Title:    Signature:
Date received by AC:

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)                                                                                     Side 2
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted: _____

| **E. Second Level - Staff Use Only** | **Staff – Check One: Is CDCR 602-A Attached?**   ☐ Yes   ☐ No |

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include Interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)   Title: _____   Signature: _____   Date completed: _____
Reviewer: _____ (Print Name)   Title: _____   Signature: _____
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant   / /

**F.** If you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.   If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted: _____

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant   / /

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|
| | | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| HOUSTON, MORRIS | H-62143 | A2-2249 | BARBER/PORTER |

A. Continuation of CDCR 602, Section A only (Explain your issue): Later the same two C/O's, two NURSES came back with another test saying your first one was negative but we'll try this one because it's stronger. The swabbing technique, I then declined. An hour or two after I declined the second test they put me in 5-Block where Positive Covid inmates are housed. They left me there 4-days for no other reason then my declining the second swab test. It's not mandatory that I take any test or two in one day. Speaking with the C/O's in five Block they said the only inmates come here are those who are covid Positive, and those who left the prison grounds and came back, I wasn't Positive, nor did I leave the Prison. At the time I was placed in five Block I could have gotten sick, it's an chance they took.

CMC

NOV 15 2021

OFFICE OF GRIEVANCES

Inmate/Parolee Signature: Morris Houston    Date Submitted: 11-9-21

B. Continuation of CDCR 602, Section B only (Action requested): Be disciplined for their action. I'm requesting to be compensated not only for my inconveniences but also I could have contracted covid or any other related illness. I was released back to my assigned yard, cell on 11-8-21 after being inconvenient for four days, without any valid reason other then Malice, inconvenience.

Inmate/Parolee Signature: Morris Houston    Date Submitted: 11-9-21

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)                                                                                   Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): There wasn't any
Need To move me when it's single cell living, and I
could have contracted The covid Just by Theme Placing
me in The 5 block for no other reason but out of malice
and inconvienance. if This one inmate They said was Posit-
-ive for covid why did They not leave me in my assigned
Single cell Like They did everyone else on my same
Tier? I Took The first Test, They said it was Negative,
an hour Latter They come again I refused The second,
swab Test, an hour or Two Latter They Told me Im go-
-ing To five build for Quarantive, I was in five building
for four days, while other inmates remained in Their
assigned Single cells Quarantive. So yes They moved
me and Placed me in 5-building but of malice, inconven-
-ience. This is cruel, unusual Punishment.

Inmate/Parolee Signature: _Morris Houston._          Date Submitted: _1-26-22_

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

Inmate/Parolee Signature: _____          Date Submitted: _____



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:**  Appeal Claims Decision Response

**Offender Name:**  HOUSTON, MORRIS          **Date:**  02/05/2022
**CDC#:** H62143
**Current Location:**  CMC-Facility A          **Current Area/Bed:** A  002 2 - 249001U

**Log #:**  000000186961

---

## Claim #  001

**Received at Institution/Parole Region:** California Men's Colony
**Submitted to Facility/Parole District:**    California Men's Colony
**Housing Area/Parole Unit:**
**Category:**  COVID-19                    **Sub-Category:**    Other Issues - NOS

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals received this claim on 12/06/2021.

California Code of Regulations, title 15, provides the Office of Appeals 60 calendar days to complete a response. Due to the expiration of time, this response by the Office of Appeals will be the only response.

You do not need to resubmit this claim to the Office of Grievances or to the CDCR Office of Appeals.

**Decision: Time Expired**

---

State of California                                                   Department of Corrections and Rehabilitation
                                                                                              Office of Appeals

# Memorandum



To:          Claimant

Subject:   **TIME-EXPIRED RESPONSE FROM THE OFFICE OF APPEALS**

Thank you for submitting your appeal for review by the California Department of
Corrections, Office of Appeals. Pursuant to Title 15, section 3486(i)(10), if the Office
of Appeals is not able to respond to a claim in 60 calendar days, as in this case, then
the claim must be answered "time-expired." As a result, the answer provided by the
Office of Grievances remains unchanged and this appeal is now closed. No further
action will be taken by the Department and no appeal of this action is permitted under
the regulations.

Also, pursuant to Title 15, section 3485(e), "The appeal package submitted by the
claimant shall be stored electronically by the Department. The CDCR Form 602-2 shall
contain a notification to the claimant that the documents submitted will not be returned
to the claimant." Therefore, your Form 602-2 and any supporting documents are not
included with this response.

However, a copy of your entire appeal package is maintained in your Central File. The
process for requesting copies of documents contained in Central Files, often referred
to as an *Olsen* review, can be found in the Department Operations Manual, sections
13030.16 and 13030.17.

Thank you,

HOWARD E. MOSELEY
Associate Director



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** HOUSTON, MORRIS                    **CDC#:** H62143

**Date:** 11/15/2021

**Current Location:** CMC-Facility A                 **Current Area/Bed:** A 002 2249001U

**From:** Office of Grievances at California Men's Colony

**Re:** Log # 000000186961

The California Department of Corrections and Rehabilitation Office of Grievances at California Men's Colony received your grievance on 11/15/2021. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 01/15/2022.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

CDCR SOMS OGTT300 - OOG Offender Grievance Receipt Acknowledgement



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** HOUSTON, MORRIS
**CDC#:** H62143

**Date:** 11/30/2021

**Current Location:** CMC-Facility A

**Current Area/Bed:** A 002 2 - 249001U

**Log #:** 000000186961

**Claim #: 001**

**Institution/Parole Region of Origin:** California Men's Colony     **Facility/Parole District of Origin:** CMC-Facilty C
**Housing Area/Parole Unit of Origin:**
**Category:** COVID-19                      **Sub-Category:** Other Issues - NOS

### I. CLAIM

You state on November 4, 2021, you were moved to Building 5, which houses COVID-19 positive inmates, putting you at risk of contracting the COVID-19 virus. You claim this move was done in malice for your refusal to submit to COVID testing protocols when an inmate on your block tested positive.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

California Code of Regulation (CCR), Title 15, Section 3481 Claimant's Ability to Grieve and to Appeal

#### B. DOCUMENTS CONSIDERED

CDCR Form 602-1 Log Number 186961
COVID-19 Screening and Testing Matrix for Patient Movement, dated September 22, 2021

### III. REASONING AND DECISION

You were not moved to Building 5 out of malice for refusing a COVID-19 test. Placement in Building 5 does subject an inmate to a higher risk of contracting the COVID-19 virus.

A review of Program Status Report (PSR) Log# CMC-EST-AFAC-21-0008 notes on November 04, 2021, the California Men's Colony (CMC) was notified that one inmate housed in Building 2, 2nd Tier, Low Side tested positive for COVID-19 as a result of a PCR test from routine/surveillance mass testing. In a conscience effort to reduce the spread of COVID-19 CMC health care staff determined Facility A, Building 2, 2nd Tier Low Side inmates should be placed on quarantine surveillance status within Building 2, 2nd Tier Low Side in order to evaluate the condition of all Building 2, 2nd Tier Low Side inmates. As part of this protocol all inmates located on the affected tier are required to test to ensure no further spread of the virus. As CMC was unable to collect a viable sample from you due to your refusal to submit to required testing, prudent practices were to isolate you in Building 5 (designated non-COVID area of building) for surveillance to monitor for possibly exposure as you presented a potential threat as a carrier of the virus due to your refusal to test.

Building 5 primarily houses unvaccinated new arrival inmates. These inmates are tested prior to transfer and twice more upon arrival at CMC during the 14-day quarantine period. This practice is consistent with the COVID-19 Screening and Testing Matrix for Patient Movement last updated September 22, 2021.

In contrast to your statement at the time you were housed within Building 5 CMC had no inmates with a confirmed active COVID test. The inmate identified from Facility A as positive was later determined to be a false positive, which is reason you were released after 4-days in lieu of spending the 14-day quarantine period.

The health and safety of our population is of critical importance to the California Department of Corrections and Rehabilitation (CDCR) and California Correctional Health Care Services (CCHCS). With this in mind the State of California and CDCR have progressively taking extraordinary and unprecedented protective measures designed to mitigate the spread of COVID-19 virus and protect the health and well-being of those who live and work in CDCR's institutions. These measures include strict quarantine protocols for inmate transfers, movement and those who refuse testing to ensure they are not spreading the virus as a asymptomatic carrier.

## Decision: Disapproved

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| B. Phillips [PHBR002] | CDW | 11/29/2021 |

on (date or dates) __11-4-21__ , __11-4-21__ , _____ .
                        (Claim I)          (Claim II)              (Claim III)

NOTE:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant __Torres__ resides or works at
    (full name of first defendant)

    __California Men's colony 'East' San Luis obispo CA 93409-8101__
    (full address of first defendant)

    __NURS - Second Watch__
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual     ☐ official capacity.

    Explain how this defendant was acting under color of law:

    __Out of malice, inconvenience me, by moving me__
    __from my single cell to another yard, Building for Quarantine__

2.  Defendant __Robert__ resides or works at
    (full name of first defendant)

    __California men's colony 'East - San Luis Obispo. CA. 93409-8101__
    (full address of first defendant)

    __NURS - second Watch__
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual     ☐ official capacity.

    Explain how this defendant was acting under color of law:

    __Out of malice, inconvenience me by moving me from__
    __my single cell to another yard, Building for Quarantine__

3.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual     ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

4. Defendant _____ resides or works at
   (ful! name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

5. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

CIVIL RIGHTS COMPLAINT

"CONTINUE from 5 of 6"

(B) Robert agreed Along with coworker Torres To have Plaintiff moved for no other reason but out of Malice, To inconvenience Plaintiff There's no Mandatory Mandate To move anyone from Their single cell and yard To another for Quarantine, when CMC-GAST is all single cell Living and all Inmates on second Tier 2building Low side remained in Their assign single cell for "so call" Quarantine except Plaintiff, Both Defendants out of Malice had Plaintiff moved To inconvenience him. This is a Violation of Plaintiff 8th Amendment Contitutional Right. This is cruel and unusual Punishment.

D. CLAIMS*

CLAIM I

The following civil right has been violated:

Plaintiff 8th amendment rights has been Violated when Both Named Defendants Did intentionally Disregard Plaintiff 8th amendments Constitutional Rights when Defendants with malice inconvien-iexed Plaintiff by having Plaintiff moved from his single cell, building, yard to Another cell, build-ing, yard for not taking an second covid test an houl apart from the first one I did take. Its no mandatory two test a day nor was it Mandatory to move Plaintiff when CMC "East" is single cell living nor on said date violation occured Every Inmate on same tier as Plaintiff was left in Their assigned cell for quarantine, but They moved Plaintiff out of malice to inconvenience him.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Ⓐ Nurse Torres with her co-worker came to 2 building Low-side A-yard to swab test Low side second Tier Inmates Plaintiff along with all Inmates on low side second Tier Took The swab Test, a houl Later Torres, co-worker came back and Told all inmate who inquired That The first test was Negative, but we'll try this swab Test becaus its strong-ER, Plaintiff Then declined The "second" swab Test a houl After That They had Plaintiff moved.

Ⓑ Nurse Robert with her co-worker came To 2 building Low side A yard To swab Test Low side second Tier Inmates Plaintiff along with all Inmate on low side second Tier Took The swab Test a houl Later Robert, co-worker came back and Told all Inmates who inquired The first Test was negative but we'll Try This one its stronger. Plaintiff declined, They moved Plaintiff

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)                                                                                           Page 5 of 6

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

① Grant Plaintiff Punitive damages in The sum of 40,000 fourty Thousand Dollars against each named Defendants in Their individual capacity.

② Grant Plaintiff Compensatory damages in The sum of 10,000 Ten Thousand Dollars against each Named Defendants in Their individual capacity.

③ Grant Plaintiff nominal damages in The sum of 3.00 Three Dollars for alleged 8th amendment Constitutional Violation.

④. Issue a Declaratory Judgement statement declaring The Rights of all Parties involved in This civil matter.

⑥ order The defendants To secure all court costs That were incurred by Plaintiff due To The filing of This civil matter.

⑦ Grant the Plaintiff any and All other additional cost That This honor court Deem appropriate under The Governing Laws.

⑧ Grant Plaintiff Monetary damages in The sum of 40,000 fourty Thousand Dollars, Ten Thousand for Each Day Plaintiff was inconvenienced.

_2-28-22_
(Date)

_Morris N. Houston_
(Signature of Plaintiff)